Honorable William P. Clements, Jr. Governor P.O. Box 12428 Austin, Texas 78711
Honorable William P. Hobby Lieutenant Governor P.O. Box 12128 Austin, Texas 78711
Honorable Gibson D. "Gib" Lewis Speaker of the House P.O. Box 2910 Austin, Texas 78769
Re: Whether article 5115d, V.T.C.S., prohibits the use of the former Bexar County Jail as a privately operated jail for housing parole violators (RQ-1550)
Gentlemen:
You ask a question arising out of a proposal to reduce overcrowding in county jails and the Department of Corrections. It is proposed that the Commissioners Court of Bexar County contract with a private vendor who will renovate the old county jail building and then contract with the state to operate the facility to hold parole violators. See V.T.C.S. arts. 5115d, 6166g-2. A question has arisen concerning whether subsection (h) of article 5115d, V.T.C.S., prohibits the use of the former Bexar County jail building for this purpose. We address the narrow question you raise and do not address any other legal issues which may arise in connection with this proposal.
Article 5115d, V.T.C.S., authorizes the commissioners court of a county to contract with a private vendor "to provide for the financing, design, construction, leasing, operation, purchase, maintenance, or management of a jail, detention center, work camp, or related facility." V.T.C.S. art. 5115d(c). The statute includes the following prohibition:
 (h) The commissioners court of a county may not convert a facility into a correctional facility operated by a private vendor if, before the effective date of this article, the facility is:
(1) operated as a correctional facility by the county; or
 (2) being constructed by the county for use as a correctional facility. (Emphasis added.)
V.T.C.S. art. 5115d(h).
You inform us by attachment to your request letter that the building in question housed the Bexar County Jail before April 14, 1987, the effective date of article 5115d, V.T.C.S., and for at least twelve months thereafter. See Acts 1987, 70th Leg., ch. 18, § 6, at 51, 52. The jail operations have been moved to a new facility, and the old jail facility is presently vacant, according to information submitted with your request letter. The old jail facility was directed to be closed a number of months ago by the Texas Commission on Jail Standards.
The answer to your question depends on the meaning of the prohibition in article 5115d(h), V.T.C.S., with particular attention to the language we have underlined in the quotation above. Subsection (h) of article 5115d, V.T.C.S., excepts certain facilities from the exercise of contractual authority granted the commissioners court by subsection (c) of that statute. Exceptions to statutes are strictly construed. See, e.g., Gulf States Utilities Co. v. State, 46 S.W.2d 1018 (Tex.Civ.App.-Austin 1932, writ ref'd).
We read the underlined language as prohibiting the commissioners court from converting a county-operated correctional facility into a correctional facility operated by a private vendor, if the county-operated facility was in operation or under construction by the county as of the effective date of article 5115d(h). The word "facility" is used throughout article 5115d, V.T.C.S., to refer to a correctional facility, and we believe it also has this meaning in subsection (h) of this statute. See V.T.C.S. art. 5115d(c), (d), (e)(1), (g).
The dictionary includes the following definitions of convert:
. . . to change or turn from one state to another
 . . . to change or turn from one use, purpose, or function to another.
Webster's New International Dictionary 499 (3d ed. 1961). Implicit in the word "convert" used in subsection (h) is the idea that the property is a county-operated correctional facility at the time the commissioners court attempts to convert it into a privately operated facility. Thus, the application of article 5115d(h), V.T.C.S., to the contract proposal you describe involves a threshold inquiry: Is the property in question a county-operated correctional facility at the present time?
The former Bexar County jail building is not now a county-operated correctional facility. Thus, if the commissioners court entered into the proposed contract, it would not convert a county-operated correctional facility into a privately-operated correctional facility but instead "convert" an abandoned building into a correctional facility operated by a private vendor. The commissioners would not be barred by subsection (h) of article 5115d, V.T.C.S., from entering into the contract.
Our construction of subsection (h) is consistent with the legislative intent as documented by floor debates on the bill which enacted article 5115d(h), V.T.C.S. Senate Bill No. 251 of the 70th Legislature, Acts 1987, 70th Leg., ch. 18, § 1, at 47, enacted article 6166g-2, V.T.C.S., which authorizes the Texas Board of Corrections to contract with private vendors or with the commissioners courts of counties for the financing, construction, operation, maintenance, or management of secure correctional facilities. The same bill adopted the amendments to article 5115d, V.T.C.S., which allow the commissioners court to enter into such contracts for local correctional facilities.
As introduced, Senate Bill No. 251 did not address the conversion of public correctional facilities into private correctional facilities. During the legislative process, subsection (h) was added to article 5115d, V.T.C.S., and a similar provision was added to article 6166g-2, V.T.C.S. Senator Ray Farabee, the author of Senate Bill No. 251, stated in floor debate relevant to Department of Corrections facilities that several provisions had been put in to meet the concerns of public employee organizations, specifically that the legislation could not be used to privatize existing prison facilities. Representative Clint Hackney, the House sponsor, pointed out in House floor debate that no public employees' jobs would be interfered with. His remarks also referred to the Department of Corrections, but presumably the same policy of protecting public employees from loss of jobs through privatization also underlies subsection (h) of article 5115d, V.T.C.S. The proposed contract to have a private vendor renovate the former Bexar County jail building and operate a facility for parole violators there should not interfere with the jobs of county employees engaged in operating the county jail.
We therefore conclude that the legislature did not intend subsection (h) to apply to properties that the commissioners court formerly operated as correctional facilities if the court, through good faith action, has terminated their use for that purpose. Section (h) of article 5115d does not prohibit the commissioners court from entering into the proposed contract regarding the former Bexar County jail facility. We emphasize that our conclusion is based upon the good faith clearly evident here. If the purpose of the change of use were a subterfuge to avoid the operation of article 5115d(c), our answer might well be different.
 SUMMARY
Subsection (h) of article 5115d, V.T.C.S., does not prohibit the use of the former Bexar County jail building as a privately operated correctional facility for housing parole violators.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Rick Gilpin Assistant Attorney General